IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KIMBERLY HOLLAND**
**O.B.O., M.D.H.**

    **Plaintiff,**

                                              **Civil Action 2:17-cv-865**
    **v.**                                  **Judge Michael H. Watson**
                                              **Magistrate Judge Chelsey M. Vascura**


**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, Kimberly Holland ("Plaintiff"), who is proceeding on behalf of her minor child, M.D.H., and without the assistance of counsel, brings this action under 42 U.S.C. § 1382c(a)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying M.D.H.'s application for child's supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 17), the Commissioner's Memorandum in Opposition (ECF No. 22), and the administrative record (ECF No. 14). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

Plaintiff protectively filed an application for child's supplemental security income on behalf of M.D.H. on December 31, 2013. Following initial administrative denials of Plaintiff's applications, a hearing was held before Administrative Law Timothy Gates (the "ALJ") on August 9, 2016, at which Plaintiff and M.D.H. appeared and testified without the assistance of counsel. At the hearing, the ALJ advised Plaintiff of her right to obtain representation and offered to postpone the hearing so that she could obtain an attorney. (R. at 38-39.) Plaintiff acknowledged her understanding of her right to representation, but expressed her desire to proceed without an attorney and executed a waiver form acknowledging that she was waiving her right to counsel. (R. at 39-40.) The ALJ subsequently issued a decision on October 3, 2016, denying benefits. (R. at 16-30.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision.

Plaintiff filed the instant action on October 2, 2018. The relevant portion of Plaintiff's Statement of Errors states as follows:

> I feel Social Security made an error when they turned M.D.H. down, because he has mental illnesses (anxiety and depression) which M.D.H. will struggle with all his life. M.D.H. will need to be on medicine the rest of his life. M.D.H. also has autism and he will always have issues.
>
> Kimberly had to move M.D.H. from Columbus Ohio to Athens Ohio to help M.D.H. because of all the school issues he [w]as having in Columbus. Since moving to Athens Ohio, M.D.H. goes to counseling at [H]opewell and his psychiatrist is there as well. M.D.H. will always have problems with crowds, germs, feeling of not being able to be good enough, smells, and other social issues.

(Pl's Statement of Errors 1-2, ECF No. 17.)

In her Memorandum in Opposition (ECF No. 14), the Commissioner asserts that

substantial evidence supports the ALJ's decision and asks this Court to overrule Plaintiff's contentions of error.

## II. THE ADMINISTRATIVE DECISION

On October 3, 2016, the ALJ issued a decision finding that M.D.H. was not disabled within the meaning of the Social Security Act. The ALJ first set forth the three-step sequential evaluation process the Social Security Regulations require ALJs to employ in assessing whether an individual under the age of 18 is disabled. (R. at 16-19.); *See also* 20 C.F.R. § 416.924(a). At step one of the sequential evaluation, the ALJ found that M.D.H. had not engaged in substantial gainful activity since his application was filed. (R. at 19.) At step two, the ALJ concluded that M.D.H. had the severe impairments of anxiety disorder and learning disorder. (*Id.*) The ALJ concluded at step three that M.D.H. did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. In reaching this conclusion, the ALJ discussed M.D.H.'s functioning in the six domains identified in the regulations, (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. (R. at 23-29.); 20 C.F.R. § 416.926a(b). Because he found that M.D.H. did not have either marked limitations in two domains of functioning or extreme limitation in one domain of functioning, the ALJ concluded that M.D.H. has not been disabled since his December 31, 2013 application. (R. at 23-29.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

In her Statement of Errors, Plaintiff does not directly attack any of the ALJ's findings. Rather, she offers her summary conclusion that the ALJ should have found M.D.H. disabled as a result of his anxiety, depression, autism, and problems with crowds, germs, smells, and social interactions. (*See* Pl.'s Statement of Errors 1-2, ECF No. 17.)

As a threshold matter, to the extent Plaintiff seeks to argue that the ALJ misconstrued record evidence or failed to discuss certain evidence, that argument is waived because Plaintiff has failed to develop it beyond making a conclusory assertion. *See McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (internal quotation marks and citations omitted)); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) ("This challenge warrants little discussion, as Hollon has made little effort to develop this argument in her brief on appeal, or to identify any specific aspects of the Commissioner's determination that lack support in the record."). In addition, the Court notes that an ALJ is "not require[d] . . . to discuss every piece of evidence in the record to substantiate the ALJ's decision." *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 App'x 661, 665 (6th Cir. 2004)).

Regardless, the undersigned finds that substantial evidence supports the ALJ's decision and that he did not err in his consideration of the impairments Plaintiff alleges. The ALJ considered M.D.H.'s anxiety and found it to be a severe impairment. Although Plaintiff indicates that M.D.H. also suffers from depression, she fails to point to any record evidence

5

showing that the depression limited M.D.H.'s functioning beyond that the ALJ assessed. In addition, the ALJ acknowledged in his decision that the record reflected that in October 2015, M.D.H. had suicidal ideations as a result of being bullied, but that he no longer had these and his mood had improved by November 2015. (R. at 28 (citing R. at 1167, 1178-79).); Def's Mem. in Opp. 5-6, ECF No. 22.) Plaintiff also states that M.D.H. has autism and will always suffer from issues relating to autism. Yet again, Plaintiff fails to any record evidence in support of this assertion. And as the Commissioner points out, the record does not to support Plaintiff's assertion that M.D.H. has been diagnosed with autism. (*See* Def.'s Mem. in Opp. 6, ECF No. 22.)

Finally, Plaintiff's assertion that M.D.H. will always have problems with crowds, germs, smells, and other social issues, even if true, does not deprive the ALJ's decision of substantial evidence. It appears that Plaintiff is referencing symptoms she attributes to M.D.H.'s alleged obsessive-compulsive disorder ("OCD"). In his decision, the ALJ acknowledges that Plaintiff told Jack J. Kramer, Ph.D., that M.D.H. suffered from OCD. The ALJ also points out that Dr. Kramer declined to make such a diagnosis and that no other acceptable medical provider had diagnosed M.D.H. with OCD. (R. at 20 (citing R. at 412-416).) Moreover, in considering M.D.H.'s functioning in the domain of interacting and relating with others, the ALJ acknowledged M.D.H.'s behavioral issues and that he had shown improvement and that he did not meet the criteria for disruptive behavioral disorder in November 2015. Consistently, when asked to rate M.D.H.'s ability to interact and relate with others, Brian Hughes, M.D.H.'s intervention specialist, opined that M.D.H. at most had only a slight problem. (R. at 197.) Thus,

6

substantial evidence supports the ALJ's determination that M.D.H. did not have marked limitations in the domain of interacting and relating with others.

In summary, the undersigned finds that Plaintiff's failure to develop her arguments amounts to waiver such that this Court should overrule her contentions of error. The undersigned alternatively finds that substantial evidence supports the ALJ's decision.

## V.  DISPOSITION

Based on the foregoing analysis, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision **AFFIRMED**.

## VI.  PROCEDURES ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE